1  Carmen A. Trutanich, City Attorney (SBN 86629)
   Gary G. Geuss, Chief Assistant Attorney (SBN 129022)
2  Laurie Rittenberg, Managing Assistant City Attorney (SBN 106683)
   200 North Main Street, Room 916
3  Los Angeles, CA 90012-4129
   Telephone: (213) 473-6870
4  Facsimile: (213) 473-6818

5
   Deborah J. Fox (SBN 110929)
6  Dawn A. McIntosh (SBN 162713)
   MEYERS, NAVE, RIBACK, SILVER & WILSON
7  633 West Fifth Street, Suite 1700
   Los Angeles, CA 90071
8  Telephone: (213) 626-2906
   Facsimile: (213) 626-0215
9  dfox@meyersnave.com
   dmcintosh@meyersnave.com
10

11 Attorneys for Defendant
   CITY OF LOS ANGELES
12

13              UNITED STATES DISTRICT COURT

14            CENTRAL DISTRICT OF CALIFORNIA

15 MATTHEW DOWD, an individual;          CASE NO. CV09-06731-DDP(SSx)
   PETER DEMIAN, an individual;          [Filed: September 16, 2009]
16 EDWARD LA GROSSA, an individual;
   ANTHONY BROWN, an individual;         [PROPOSED] STIPULATED
17 NATHAN PINO, an individual; WILLIE    PROTECTIVE ORDER
   LEE TURNER, an individual; DAVID
18 "ZUMA DOGG" SALTSBURG, an             DISCOVERY DOCUMENT:
   individual; THOMAS BURRUM JNR, an     REFERRED TO MAGISTRATE
19 individual; MARVIN SIMS, an individual; SUZANNE H. SEGAL
   JESSE BROWN, an individual; LOUIE
20 GARCIA, an individual; RENE CASTRO,
   an individual,
21
22            Plaintiffs,
           v.
23
   CITY OF LOS ANGELES, a municipal
24 corporation,
25            Defendant.
26
27
28

FILED
CLERK, U.S DISTRICT COURT

JUN 4 2012

CENTRAL DISTRICT OF CALIFORNIA
BY        DEPUTY

NOTE CHANGES MADE BY THE COURT

## GOOD CAUSE STATEMENT

Defendant City of Los Angeles ("the City") and Plaintiffs David Saltsburg, Matthew Dowd, Peter Demian, Edward La Grossa, Anthony Brown, Nathan Pino, Willie Lee Turner, Jesse Brown, Louie Garcia and Rene Castro (collectively "the Parties"), by and through their counsel of record, hereby stipulate that any medical records (and the information contained therein) provided to the City and/or to Dr. Les Zackler as part of plaintiff David Saltsburg's ("Saltsburg") responses to discovery, including but not limited to his medical examination, shall be kept confidential and used solely in connection with the preparation and trial of this action titled *Dowd etc. v. City of Los Angeles*, Case No. CV09-06731-DDP(SSx) (hereinafter "the *Dowd* case"). To the extent that any of the Protected Material is included or referenced in any expert report, then the Stipulated Protective Order shall only apply to those portions containing the Protected Material pursuant to the procedure set forth in Section 4.2(a) below, and the Stipulated Protective Order shall not apply to the entire expert report.

Good cause exists for this Stipulated Protective Order to preserve Saltsburg's privacy interests in his medical records. This Stipulated Protective Order is necessary to establish a procedure for the use of this confidential information in the *Dowd* case and imposes obligations on persons receiving confidential information to protect it from unauthorized use or disclosure. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

1.     *PURPOSES AND LIMITATIONS*

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the referenced medical records. The Parties further acknowledge, as set forth in Section 7.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards

1 that will be applied when a party seeks permission from the court to file material
2 under seal.

3 2.    DEFINITIONS

4      2.1    *Challenging Party.* A Party or Non-Party that challenges the
5 designation of information or items under this Order.

6      2.2    *City Attorney.* Attorneys who are employees of the City and
7 members of the Los Angeles City Attorney's office, including their support staffs.
8 City Attorney does not include Outside Counsel of Record or any other outside
9 counsel.

10      2.3    *"CONFIDENTIAL"* Information or Items. ~~Information (regardless of~~
Plaintiff SALTSBURG'S MEDICAL
11 ~~how it is generated, stored or maintained) or tangible things that qualify for~~ RECORDS AND DOCUMENTS OR REPORTS RELATING
12 ~~protection under Federal Rules of Civil Procedure 26(c).~~ TO SALTSBURG'S MEDICAL RECORDS OR HEALTH. (SHS)

13      2.4    *Counsel (without qualifier).* Outside Counsel of Record and City
14 Attorney Counsel (as well as their support staff).

15      2.5    *Designating Party.* A Party or Non-Party that designates information
16 or items that it produces in disclosures or in responses to discovery as
17 "CONFIDENTIAL."

18      2.6    *Disclosure of Discovery Material.* All items or information, regardless
19 of the medium or manner in which it is generated, stored, or maintained (including,
20 among other things, testimony, transcripts, and tangible things), that are produced or
21 generated in disclosures or responses to discovery in this matter.

22      2.7    *Expert.* A person with specialized knowledge or experience in a matter
23 pertinent to the litigation who has been retained by a Party or its counsel to serve as
24 an expert witness or as a consultant in this action.

25      2.8    *Non-Party.* Any natural person, partnership, corporation, association,
26 or other legal entity not named as a Party to this action.

27      2.9    *Outside Counsel of Record.* Attorneys who are not employees of a
28 Party to this action but are retained to represent or advise a Party to this action and

2

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  have appeared in this action on behalf of that Party or are affiliated with a law firm
2  which has appeared on behalf of that Party and their support staffs.

3       2.10  *Party*.  The above named Parties to this action, including all of its
4  officers, directors, employees, consultants, retained experts, and Outside Counsel of
5  Record and their support staffs.

6       2.11  *Producing Party*.  A Party or Non-Party that produces Disclosure of
7  Discovery Material in this action.

8       2.12  *Professional Vendors*.  Persons or entities that provide litigation
9  support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or
10 demonstrations, and organizing, storing, or retrieving data in any form or medium)
11 and their employees and subcontractors.

12      2.13  *Protected Material*.  Any Disclosure of Discovery Material of medical
13 records (and the information contained therein) relating to Saltsburg that is
14 designated as "CONFIDENTIAL."

15      2.14  *Receiving Party*.  The Receiving Party is the City of Los Angeles.

16 3.     *DURATION AND RETURN OF PROTECTED MATERIALS*

17      Even after final disposition of this litigation, the confidentiality obligations
18 imposed by this Order shall remain in effect until a Designating Party agrees
19 otherwise in writing or a court order otherwise directs after notice to all parties and
20 an opportunity to address the matter.  Upon the final disposition of the *Dowd* case,
21 all originals and all copies of any Protected Materials shall be returned within thirty
22 (30) days to Saltsburg's legal counsel and no copies shall be retained.  To the extent
23 that any of the Protected Material is included or referenced in any expert report,
24 these materials need not be returned to Saltsburg or his legal counsel and the City's
25 legal counsel may retain a copy, subject to the terms of this Order.

26 4.     *DESIGNATING PROTECTED MATERIAL*

27      4.1   *Exercise of Restraint and Care in Designating Material for Protection*.
28 Each Party or Non-Party that designates information or items for protection under

3

1   this Order must take care to limit any such designation to specific material that

2   qualifies under the appropriate standards which is limited to the medical records of

3   Saltsburg as noted above.  The Designating Party must designate for protection only

4   those parts of material, documents, items, or oral or written communications that

5   qualify – so that other portions of the material, documents, items, or

6   communications for which protection is not warranted are not swept unjustifiably

7   within the ambit of this Order.  Mass, indiscriminate, or routinized designations are

8   prohibited.  If it comes to a Designating Party's attention that information or items

9   that it designated for protection do not qualify for protection, that Designating Party

10  must promptly notify all other Parties that it is withdrawing the mistaken

11  designation.

12      4.2    *Manner and Timing of Designations*.  Except as otherwise provided in

13  this Order (*see, e.g.*, second paragraph of section 4.2(a) below), or as otherwise

14  stipulated in writing or ordered by the Court, Disclosure of Discovery Material that

15  qualifies for protection under this Order must be clearly so designated before the

16  material is disclosed or produced.  Designation in conformity with this Order

17  requires:

18          (a)     For information in documentary form (*e.g.*, paper or electronic

19  documents, but excluding transcripts of depositions or other pretrial or trial

20  proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each

21  page that contains protected material.  If only a portion or portions of the material on

22  a page qualifies for protection, the Producing Party also must clearly identify the

23  protected portion(s) (*e.g.*, by making appropriate markings in the margins).

24      A Party or Non-Party that makes original documents or materials available for

25  inspection need not designate them for protection until after the inspecting Party has

26  indicated which material it would like copied and produced.  During the inspection

27  and before the designation, all of the material made available for inspection shall be

28  deemed "CONFIDENTIAL."  After the inspecting Party has identified the

4

1  documents it wants copied and produced, the Producing Party must determine which
2  documents, or portions thereof, qualify for protection under this Order.  Then,
3  before producing the specified documents, the Producing Party must affix the
4  "CONFIDENTIAL" legend to each page that contains Protected Material.  If only a
5  portion or portions of the material on a page qualifies for protection, the Producing
6  Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate
7  markings in the margins).

8         (b)     For testimony given in deposition or in other pretrial or trial
9  proceedings, that the Designating Party identify on the record, before the close of
10  the deposition, hearing, or other proceeding, all protected testimony, without
11  affixing the legend "CONFIDENTIAL."

12         (c)     For information produced in some form other than documentary
13  and for any other tangible items, that the Producing Party affix in a prominent place
14  on the exterior of the container or containers in which the information or item is
15  stored the legend "CONFIDENTIAL."  If only a portion or portions of the
16  information or item warrant protection, the Producing Party, to the extent
17  practicable, shall identify the protected portion(s).

18         4.3     *Inadvertent Failures to Designate.*  If timely corrected, an inadvertent
19  failure to designate qualified information or items does not, standing alone, waive
20  the Designating Party's right to secure protection under this Order for such material.
21  Upon timely correction of a designation, the Receiving Party must make reasonable
22  efforts to assure that the material is treated in accordance with the provisions of this
23  Order.

24  5.     *ACCESS TO AND USE OF PROTECTED MATERIAL*

25         5.1     *Basic Principles.*  A Receiving Party may only use Protected Material
26  that is disclosed or produced by another Party or by a Non-Party in connection with
27  the *Dowd* case in furtherance of a Party's prosecution, defense, or settlement efforts
28  and for no other purpose whatsoever, including no other public or private disclosure.

5

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  Such Protected Material may be disclosed only to the categories of persons and

2  under the conditions described in this Order.

3      5.2  *Disclosure of "CONFIDENTIAL" Information or Items*.  Unless

4  otherwise ordered by the Court or permitted in writing by the Designating Party, a

5  Receiving Party may disclose any information or item designated

6  "CONFIDENTIAL" only to:

7      (a)  The Receiving Party's Outside Counsel of Record in this action,

8  as well as employees and staff of said Outside Counsel of Record to whom it is

9  reasonably necessary to disclose the information for this litigation;

10      (b)  The officers, directors, employees, and attorneys (including the

11  City Attorney) of the Receiving Party to whom disclosure is reasonably necessary

12  for this litigation;

13      (c)  Experts (as defined in this Order) of the Receiving Party to

14  whom disclosure is reasonably necessary for this litigation and who have signed the

15  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

16      (d)  The Court and its personnel;

17      (e)  Court reporters and their staff, professional jury or trial

18  consultants, mock jurors, and Professional Vendors to whom disclosure is

19  reasonably necessary for this litigation and who have signed the "Acknowledgment

20  and Agreement to Be Bound" (Exhibit A);

21      (f)  During any depositions including the upcoming day two (2)

22  deposition of David Saltsburg; and

23      (g)  The author or recipient of a document containing the information

24  or a custodian or other person who otherwise possessed or knew the information.

25  6.  *INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE*

26      *PROTECTED MATERIAL*

27      When a Producing Party gives notice to a Receiving Party that certain

28  inadvertently produced material is subject to a claim of privilege or other protection,

6

1   the obligations of the Receiving Party are those set forth in Federal Rules of Civil

2   Procedure 26(b)(5)(B).

3   7.   *MISCELLANEOUS*

4       7.1   *Right to Further Relief.*  Nothing in this Order abridges the right of any

5   person to seek its modification by the Court in the future.

6       7.2   *Right to Assert Other Objections.*  By stipulating to the entry of this

7   Protective Order no Party waives any right it otherwise would have to object to

8   disclosing or producing any information or item on any ground not addressed in this

9   Stipulated Protective Order.  Similarly, no Party waives any right to object on any

10  ground to admission into evidence of any of the material covered by this Protective

11  Order.

12      7.3   *Filing Protected Material.*  Without written permission from the

13  Designating Party or a court order secured after appropriate notice to all interested

14  persons, a Party may not file in the public record in this action any Protected

15  Material.  A Party that seeks to file under seal any Protected Material must comply

16  with Local Rule 79-5.

17      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

18

19  DATED: June 1, 2012          MEYERS, NAVE, RIBACK, SILVER & WILSON

20

21

22                    By:   /s/ Deborah J. Fox

23                         DEBORAH J. FOX

24                         Attorneys for Defendant
                          CITY OF LOS ANGELES

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  DATED: June 1, 2012

2

3                                     By:    [signature page attached]
4                                            STEPHEN F. ROHDE
                                             Attorney for Plaintiffs MATTHEW DOWD,
5                                            PETER DEMIAN, EDWARD LA GROSSA,
                                             ANTHONY BROWN, NATHAN PINO,
6                                            WILLIE LEE TURNER, DAVID "ZUMA
7                                            DOGG" SALTSBURG, JESSE BROWN,
                                             LOUIE GARCIA, AND RENE CASTRO
8

9

10
         AMENDED      FOR GOOD CAUSE SHOWN, (SAS)
11  PURSUANT TO STIPULATION, IT IS SO ORDERED.
12

13  DATED: 6/4/12      _Suzanne H. Segal_
14                      HON. SUZANNE H. SEGAL
                        Magistrate Judge of the United States District Court,
15                      Central District of California
16

17  1897102.1
    827.027
18

19

20

21

22

23

24

25

26

27

28

                                    8
                                      [PROPOSED] STIPULATED PROTECTIVE ORDER

1   DATED: June ___, 2012

2

3                                   By: _____

4                                       STEPHEN F. ROHDE

5                                       Attorney for Plaintiffs MATTHEW DOWD,
                                        PETER DEMIAN, EDWARD LA GROSSA,
6                                       ANTHONY BROWN, NATHAN PINO,
                                        WILLIE LEE TURNER, DAVID "ZUMA
7                                       DOGG" SALTSBURG, JESSE BROWN,
8                                       LOUIE GARCIA, AND RENE CASTRO

9

10

11  PURSUANT TO STIPULATION, IT IS SO ORDERED.

12

13  DATED: _____     _____

14                            HON. SUZANNE H. SEGAL

15                            Magistrate Judge of the United States District Court,
                              Central District of California
16

17  1897102.1
    827.027
18

19

20

21

22

23

24

25

26

27

28

                                          8

                                          [PROPOSED] STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## *ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND*

I, _____ [full name], of

_____ [address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of California on _____, 2012 in the case of *Dowd, etc. v. City of Los Angeles*, United States District Court for the Central District of California Case No. CV09-06731-DDP(SSx).  I agree to comply with and to be bound by all of the terms of this Stipulated Protective Order.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [full name] of

_____ [full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]

1897421.1

1  Carmen A. Trutanich, City Attorney (SBN 86629)
   Gary G. Geuss, Chief Assistant Attorney (SBN 129022)
2  Laurie Rittenberg, Managing Assistant City Attorney (SBN 106683)
   200 North Main Street, Room 916
3  Los Angeles, CA 90012-4129
   Telephone:  (213) 473-6870
4  Facsimile:  (213) 473-6818

5
   Deborah J. Fox (SBN 110929)
6  Dawn A. McIntosh (SBN 162713)
   MEYERS, NAVE, RIBACK, SILVER & WILSON
7  633 West Fifth Street, Suite 1700
   Los Angeles, CA 90071
8  Telephone:  (213) 626-2906
   Facsimile:  (213) 626-0215
9  dfox@meyersnave.com
   dmcintosh@meyersnave.com
10

11 Attorneys for Defendant
   CITY OF LOS ANGELES
12

13                UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15 | MATTHEW DOWD, an individual;          | CASE NO. CV09-06731-DDP(SS)
16 | PETER DEMIAN, an individual;          | [Filed: September 16, 2009]
   | EDWARD LA GROSSA, an individual;
17 | ANTHONY BROWN, an individual;
18 | NATHAN PINO, an individual; WILLIE    | [PROPOSED] ORDER RE
   | LEE TURNER, an individual; DAVID      | STIPULATED PROTECTIVE
19 | "ZUMA DOGG" SALTSBURG, an             | ORDER
20 | individual; THOMAS BURRUM JNR, an
   | individual; MARVIN SIMS, an individual;
21 | JESSE BROWN, an individual; LOUIE
22 | GARCIA, an individual; RENE CASTRO,
   | an individual,
23
24          Plaintiffs,
              v.
25
26 CITY OF LOS ANGELES, a municipal
   corporation
27          Defendant.

28

────────────────────────────────────────────

[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER

ORDER

Pursuant to Stipulation of the parties, and good cause having been shown, it is the Order of this Court:

Plaintiff David Saltsburg will produce medical records and attend a medical examination and all such records shall be covered by the parties' Stipulation for Protective Order. The use of such records and reports arising from the examination shall be kept confidential and used solely in connection with the preparation for trial and trial of this action. The use of such documents and records shall follow the procedures set forth in the amended Stipulation. (8/15)

DATED: 6/4, 2012

_Suzanne H. Segal_
HON. SUZANNE H. SEGAL
Magistrate Judge of the United States District Court,
Central District of California

1897494.1
827.027

[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER