Michael N. Feuer, City Attorney (SBN 111529)
Laurie Rittenberg, Managing Assistant City Attorney (SBN 106683)
200 North Main Street, Room 916
Los Angeles, CA 90012-4129
Telephone: (213) 473-6848
Facsimile: (213) 473-6818

David W. Skinner (SBN 146285)
Dawn A. McIntosh (SBN 162713)
MEYERS, NAVE, RIBACK, SILVER & WILSON
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 626-2906
Facsimile: (213) 626-0215
dskinner@meyersnave.com
dmcintosh@meyersnave.com

Attorneys for Defendant
CITY OF LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW DOWD, an individual; PETER DEMIAN, an individual; EDWARD LA GROSSA, an individual; ANTHONY BROWN, an individual; NATHAN PINO, an individual; WILLIE LEE TURNER, an individual; DAVID "ZUMA DOGG" SALTSBURG, an individual; THOMAS BURRUM JNR, an individual; MARVIN SIMS, an individual; JESSE BROWN, an individual; LOUIE GARCIA, an individual; RENE CASTRO, an individual,<br><br>          Plaintiffs,<br><br>     v.<br><br>CITY OF LOS ANGELES, a municipal corporation,<br>          Defendant. | CASE NO. CV09-06731-DDP(SSx)<br>[Filed: September 16, 2009]<br><br>CITY OF LOS ANGELES' TRIAL BRIEF<br><br><br>Trial:<br>Date: January 30, 2014<br>Time: 9:00 a.m.<br>Courtroom 3 |

I.    *INTRODUCTION*

Plaintiffs[1] filed this action in the fall of 2009 challenging numerous provisions of the 2006 and 2008 versions of the City of Los Angeles' ("the City" or "Defendant") Ordinance Nos. 177337 and 177440 (collectively "the 2006 Boardwalk Ordinance") and Ordinance No. 179807 ("the 2008 Boardwalk Ordinance") which regulate vending at the Venice Boardwalk, and the Rules of Decorum which govern conduct at meetings of the Los Angeles City Council.  The parties filed cross-motions for summary judgment in November 2012 and filed supplemental joint statements at the Court's request in February 2013.  On August 7, 2013, the Court issued its ruling on the cross-motions for summary judgment, finding in favor of the City as to the 2006 Ordinance in its entirety and finding most of the challenged 2008 Boardwalk Ordinance provisions to be constitutionally sound.  *See* Order Granting in Part and Denying in Part Plaintiffs' and Defendants' Cross Motions for Summary Judgment ("Summary Judgment Order").  However, the Court found the City's amplified sound regulations in the 2008 Boardwalk Ordinance (Section 42.15 F) to be facially unconstitutional and found the City's enforcement of the Rules of Decorum against Plaintiffs Dowd and Saltsburg on 10 occasions was improper.  The Court did not issue a ruling as to three other incidents of enforcement of the Rules of Decorum at City Council meetings challenged by Dowd and Saltsburg.  Plaintiffs Dowd and Saltsburg have now abandoned their challenges to these 3 other incidents involving the Rules of Decorum which were referred to as Incident Nos. 1-3 during the summary judgment proceedings.  *See* Plaintiffs' Memorandum of Contentions of Fact

---

[1] When this litigation began, there were 12 plaintiffs.  Plaintiffs Burrum and Sims dismissed their claims in 2012.  Plaintiff Jesse Brown was dismissed from the case by Court Order dated January 7, 2014.  Plaintiff Turner has stipulated that he has no claims remaining to be addressed at trial.  *See* Order dated December 17, 2013. That leaves 8 plaintiffs presenting claims at trial.

1   and Law ("Plaintiffs' Memorandum"), p. 6, ln. 17-19, and the Final Pretrial

2   Conference Order.

3          The eight remaining Plaintiffs are proceeding to trial claiming they suffered

4   damages due to the amplified sound regulations.  Plaintiffs Dowd and Saltsburg are

5   also proceeding to trial claiming they suffered damages due to the City's enforcement

6   of the Rules of Decorum on the 10 specific occasions found by Judge Pregerson to be

7   improper.

8          As the City explained in its Memorandum of Contentions of Fact and Law

9   ("Defendant's Memorandum"), the Plaintiffs have no competent evidence to support

10  their claims that they were injured by the adoption and the enforcement of the

11  amplified sound regulation in the 2008 Boardwalk Ordinance.  Nor can they

12  establish any damages caused as a result of either the amplified sound regulations or

13  the enforcement of the Rules of Decorum.

14  II.   *PLAINTIFFS' MEMORANDUM MISCONSTRUES THE COURT'S RULING*

15        *ON SUMMARY JUDGMENT AND MISREPRESENTS THE ISSUES FOR*

16        *TRIAL*

17        A.   *Plaintiffs Have No Claims Under California Civil Code § 52.1.*

18        Plaintiffs' Memorandum asserts that they are pursuing two claims against the

19  City at trial and that both claims are brought under the legal authority of 42 U.S.C. §

20  1983 and California Civil Code § 52.1.  *See* Plaintiffs' Memorandum, p. 2, lines 8

21  and 13.  Plaintiffs' Memorandum then asserts that Plaintiffs seek damages for

22  interference or attempted interference with enjoyment of their constitutional rights

23  by threats, intimidation or coercion pursuant to California Civil Code § 52.1.  *See*

24  Plaintiffs' Memorandum, p. 2, line 17, p. 2, line 28 to p. 3, line 2, p. 3, lines 4-5 and

25  16-19, p. 5.  However, Plaintiffs did not assert any claims under California Civil

26  Code § 52.1 in their First Amended Complaint or in their discovery responses, and

27  there are no such claims asserted in the Proposed Final Pretrial Conference Order (p.

28  3) filed on January 2, 2014.  Plaintiffs are, therefore, precluded from presenting any

2

1   claims pursuant to California Civil Code § 52.1 at trial, including claims of

2   "interference or attempted interference with enjoyment of their constitutional rights

3   by threats, intimidation or coercion" and evidence relating to such claims.  *See*

4   Federal Rules of Civil Procedure 16(c) and Central District of California Local

5   Rules, Appendix A, subsection 7.

6          B.     *Each Plaintiff Has the Burden To Prove At Trial That The City's*

7                 *Amplified Sound Regulation  Violated Their Constitutional Rights.*

8          Plaintiffs' Memorandum erroneously asserts that "[b]ecause the Court has

9   already found the amplified sound ban violated Plaintiffs' constitutional rights, any

10  Plaintiff who cannot prove any resulting injury or damages is entitled to nominal

11  damages of $1."  Plaintiffs' Memorandum, p. 5, lines 24-27.  This is false – the

12  Court did *not* find that the amplified sound regulations of the 2008 Boardwalk

13  Ordinance, Section 42.15 F[2], which restricted the use of amplified sound to certain

14  areas of the Venice Boardwalk, violated Plaintiffs' constitutional rights.  Rather, on

15  cross-motions for summary judgment, the Court ruled that the amplified sound

16  regulation was *facially* unconstitutional; it made **no** finding or ruling as to whether

17  the regulation had been applied to any of the Plaintiffs or whether their

18  constitutional rights had been affected by the regulation.  *See* Summary Judgment

19  Order, pp. 22-24.

20         Of note, Plaintiffs' Memorandum actually contradicts itself on this point.  It

21  concedes when describing the key evidence Plaintiffs intend to present at trial that the

22  Court *did not* make this ruling in their favor, stating that the Court only found the

23  amplified sound regulation to be facially unconstitutional and that Plaintiffs will

24  present testimony and video evidence to prove that they were each subjected to the

25  amplified sound regulation.  *See* Plaintiffs' Memorandum, p. 3, lines 22-27.

26  _____

27  [2] These provisions were only in effect from May 19, 2008 to October 21, 2010.

28

CITY OF LOS ANGELES' TRIAL BRIEF

1   Plaintiffs' gamesmanship as to their burden at trial should not be countenanced.  Each

2   of the eight Plaintiffs claiming damages bears the burden of proving, by a

3   preponderance of the evidence, that they suffered injuries and that these injuries were

4   proximately caused by the City's allegedly wrongful conduct – the enforcement of

5   the amplified sound regulations.  *See Harper v. City of Los Angeles*, 533 F.3d 1010,

6   1026 (9th Cir. 2008); *see also Desert Outdoor Advertising v. City of Oakland*, 506

7   F.2d 798, 804 (9th Cir. 2007); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981)

8   [explaining that there can be no liability under Section 1983 where there is no causal

9   connection between a contested regulation and the plaintiff's alleged injury].

10        C.    *Plaintiffs Are Not Entitled To An Award Of Presumed Damages.*

11       Plaintiffs contend in their Memorandum that they are entitled to an award of

12   presumed damages if they are unable to prove they suffered any damages from a

13   constitutional violation.  *See* Plaintiffs' Memorandum, p. 5, lines 19-24.  This

14   contention misstates the law.  As the Supreme Court has explained, presumed

15   damages are *not* a substitute for damages plaintiffs fail to prove.  *Memphis*

16   *Community School v. Stachura,* 477 U.S. 299, 311, 106 S.Ct. 2537, 91 L.Ed.2d 249

17   (1986) (emphasis added).  Rather, in some situations "when a plaintiff seeks

18   compensation for an injury that is likely to have occurred but is difficult to establish,

19   some award for of presumed damages ***may possibly be appropriate***."  *Id.*, emphasis

20   added.  By difficult to establish, the Court was referring to "harms that may be

21   impossible to measure."  *Id*.  Plaintiffs' damages claims for lost earnings do not fall

22   in the category of harms that are impossible to measure; thus, presumed damages are

23   not appropriate here.

24        D.    *Plaintiffs' Argument Regarding A Citation Issued To Plaintiff Castro Is*

25             *Contradicted By The Evidence.*

26       Plaintiffs' Memorandum asserts that Plaintiffs intend to assert that a citation

27   received by Plaintiff Rene Castro on March 13, 2011, nearly five months *after* the

28   amplified sound regulations were suspended, was "nonetheless taken pursuant to the

4

unconstitutional policy of the amplified sound ban."  Plaintiffs' Memorandum, p. 5, line 28 to p. 6, line 2.  Yet the citation in question (Exhibits 50 and 550) states on its face that it was *not* issued pursuant to the 2008 Boardwalk Ordinance.  Since Plaintiffs' argument on this issue is unsupported by their own evidence, they should be precluded from presenting it at trial and confusing the jury.

E.   *Plaintiffs Misrepresent The City's Defense Relating To Enforcement Of The Rules Of Decorum.*

Plaintiffs' Memorandum claims the City has expressed an intent to argue that Plaintiffs Dowd and Saltsburg 'were damaged' by the City's application of the Rules of Decorum "because Dowd and Zuma Dogg 'sought that result'."  Plaintiffs' Memorandum, p. 6, lines 3-5.  The City has never expressed an intent to make such an argument.  Rather, the City has consistently argued that Plaintiffs Dowd and Saltsburg suffered no damages as a result of the City Council's enforcement of the Rules of Decorum and the City will present evidence at trial to support this argument.

F.   *Plaintiffs Misstate The Standard For An Award Of Reasonable Attorneys' Fees In A Section 1983 Suit.*

As discussed in the Introduction above, Plaintiffs raised a multitude of issues and claims in their First Amended Complaint and most of these issues were resolved in favor of the City on summary judgment.  *See* Summary Judgment Order. Plaintiffs prevailed on only two claims – their facial challenge to the amplified sound regulations in the 2008 Boardwalk Ordinance and their challenges to the City Council's application of the Rules of Decorum in ten specific incidents.  Plaintiffs must now prove at trial that they suffered an injury from the amplified sound ban and that they suffered damages associated with these two claims.

Pursuant to controlling law, when Plaintiffs bring suit under 42 U.S.C. § 1983 and only prevail on a portion of their claims, any recovery of attorneys' fees authorized by 42 U.S.C. § 1988 should be reduced in a comparable amount to the

1  limited level of success achieved.  *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct.

2  1933, 76 L.Ed.2d 40 (1983) and *McCown v. City of Fontana,* 565 F.3d 1097, 1103

3  (9th Cir. 2009).  Thus, since Plaintiffs did not prevail on most of their claims raised

4  in this action and may not be able to establish liability or damages at trial, any award

5  of "reasonable" attorneys' fees under Section 1988 would be no more than a small

6  fraction of the total fees incurred.  *Id.*  Plaintiffs' claims to the contrary in Plaintiffs'

7  Memorandum (p. 6) should be disregarded.

8      G.    *Plaintiffs' Memorandum Supports The City's Evidentiary Objections*

9            *To The Majority Of Plaintiffs' Proposed Exhibits.*

10          In the Proposed Final Pretrial Conference Order submitted by the parties on

11  January 2, 2014, the City objected to Plaintiffs' Exhibit Nos. 4, 7, 8, 11, 16, 17, 18,

12  23, 32, 33, 34, 35, 36, 37, 38, 39, 40, 45, 46, 52, 58, 59, 60, 61, 63, 66, 71, 72, 73, 74,

13  75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99,

14  100, 102, 103, 104, 105, 106, 109, 109B, 111, 112, 113, 114, 114B, 115, 115B, 116,

15  116B, 117, 118, 118B, 119, 119B, 120, 121, 121B, 122, 123, 125, 126, 127, 128,

16  129, 130, 131, 137, and 138.  These exhibits include citations for violations of

17  provisions of the 2008 Boardwalk Ordinance that did not involve the amplified sound

18  regulations, court notices relating to these irrelevant citations, arrest reports

19  (including one for Michael Hunt, who is not a plaintiff) unrelated to the claims to be

20  presented at trial, Department of Recreation and Parks lists for the lottery for spaces

21  at the Boardwalk, magazine articles, parking tickets, documents relating to towing of

22  vehicles, traffic collision reports, permits for lottery spaces from 2005 and 2006, a

23  letter to Congresswoman Waters, and signs.  As the Proposed Final Pretrial

24  Conference Order explains, these exhibits are irrelevant to the claims to be presented

25  at trial, would simply mislead the jury, waste time, and be more prejudicial than

26  probative.  *See* Federal Rules of Evidence, Rules 401, 402 and 403.

27          As further support for the City's objections, none of these exhibits are

28  identified in the Plaintiffs' Memorandum where Plaintiffs set forth their "key

6

evidence" in support of their claims.  The only evidence identified by Plaintiffs in their Memorandum is Plaintiffs' testimony, "video evidence of some activity" (which Plaintiffs' counsel indicated was Exhibits 185-187) and documentary evidence as to their damages claims of lost earnings, emotional distress and loss of enjoyment of life.  None of the exhibits identified above was included in this description of "key evidence".  Thus, even according to Plaintiffs' Memorandum, the exhibits identified above have no relevance to the claims to be presented at trial and should be disallowed.

     H.    *The City Has Asserted Its Affirmative Defense Of Mitigation Throughout This Case.*

Plaintiffs' Memorandum states that the City has not advised Plaintiffs of any affirmative defenses, but this is not correct.  The City's Answer to Plaintiffs' First Amended Complaint identifies "failure of Plaintiffs to take reasonable steps available to mitigate such damages" as an affirmative defense.  *See* City's Answer to Plaintiffs' First Amended Complaint, Sixth Affirmative Defense, p. 18, ¶ 99.  Defendant's Memorandum asserts mitigation as an affirmative defense (p. 9, line 17 to p. 10, line 7), as does the Proposed Final Pretrial Conference Order (p. 5, line 18 to p. 6, line 5).

III.    *REVISIONS TO THE CITY'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW BASED ON PLAINTIFFS' SUBSEQUENT DECISION TO ABANDON ALL CLAIMS RELATING TO THREE RULES OF DECORUM INCIDENTS*

Shortly before the December 23, 2013 deadline for the parties to file their Memorandums of Contentions of Fact and Law, Plaintiffs suggested to the City that they would consider abandoning their claims as to the three challenged incidents involving the Rules of Decorum that were not addressed in the Court's Summary Judgment Order in exchange for various concessions by City.  The City declined to make the requested concessions, but instead offered to stipulate to Plaintiffs'

1  abandonment of their claims as to these three incidents.  Plaintiffs did not respond to

2  this offer.

3        Plaintiffs then filed their Memorandum on December 23, 2013, wherein

4  they expressly abandoned all claims as to these three incidents.  *See* Plaintiffs'

5  Memorandum, p. 6, lines 17-19.  In subsequent communications with the City

6  between December 24, 2013 and January 2, 2014, Plaintiffs confirmed that they

7  had abandoned all claims as to these three incidents. This abandonment is also

8  reflected by Plaintiffs' omission of these claims in the Proposed Final Pretrial

9  Conference Order.

10        The City filed its Memorandum prior to learning of Plaintiffs' abandonment

11  of these claims, and, thus, included the required information on these three

12  incidents.  For the Court's convenience, the City notes that the following sections

13  and statements from the Defendant's Memorandum pertain solely to Plaintiffs

14  abandoned claims and are no longer relevant to the more limited issues to be

15  addressed at trial:

16    • Section III B.2,

17    • Section III C.2,

18    • p. 13 line 16 to p. 14 line 5, and

19    • p. 15, lines 9-11 of section IV. B.1.

20  DATED: January 23, 2014        MEYERS, NAVE, RIBACK, SILVER & WILSON

21

22
                              By:   /s/ Dawn A. McIntosh
23                                   DAWN A. McINTOSH
24                                   Attorneys for Defendant
                                     CITY OF LOS ANGELES
25  827.027 2227648.1

26

27

28