STEPHEN F. ROHDE (SBN: 051446)
1801 Century Park East, Ste. 2400
Los Angeles, CA  90067
Telephone:   (310) 277-1482
Facsimile:    (310) 772-1405
Email:  rohdevictr@aol.com

Attorneys for Plaintiffs MATTHEW DOWD; PETER DEMIAN; EDWARD LA GROSSA; ANTHONY BROWN; NATHAN PINO; WILLIE LEE TURNER; DAVID ZUMA DOG SALTSBURG; LOUIE GARCIA; and RENE CASTRO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW DOWD, an individual; PETER DEMIAN, an individual; EDWARD LA GROSSA, an individual; ANTHONY BROWN, an individual; NATHAN PINO, an individual; WILLIE LEE TURNER, an individual; DAVID 'ZUMA DOGG' SALTSBURG, an individual; THOMAS BURRUM, JR. an individual; MARVIN SIMS, an individual; JESSE BROWN, an individual; LOUIE GARCIA, an individual, RENE CASTRO, an individual, <br><br> Plaintiffs, <br> vs. <br><br> THE CITY OF LOS ANGELES, a municipal corporation, <br> Defendant. | Case No. CV 09-06731 SS <br> [Filed: September 16, 2009] <br><br> PLAINTIFFS' TRIAL BRIEF <br><br> <u>Final Pretrial Conference (Continued):</u> <br> Date:  January 27, 2014 <br> Time: 10:00 a.m. <br> Courtroom 23 <br><br> <u>Trial:</u> <br> Date:  January 30, 2014 <br> Time: 9:00 a.m. <br> Courtroom 3 |

STEPHEN F. ROHDE

CASE No. CV-09-06731 SS                                  PLAINTIFFS' TRIAL BRIEF

**TABLE OF CONTENTS**

Table of Authorities……………………………………………………………………………..iii

A. Newly Decided Cases…………………………………………………………...1

B. Briefing Requested by the Court…………………………………………………1

C. Plaintiffs' Reply to Defendant's Memorandum of Contentions of Facts and Law………………………………………………………………………1

    1. Improper Argument………………………………………………………1

    2. Incorrect Statements of Elements of Claims…………………………..2

    3. Improper Evidence to Be Offered……………………………………….3

    4. Improper Statement of Affirmative Defense……………………………4

    5. Improper Evidence of Affirmative Defense……………………………..6

    6. Incorrect Contention of Law Regarding Amplified Sound Ban Claims……………………………………………………..7

    7. Incorrect Contention of Law Regarding Rules Of Decorum Claims….9

D. Conclusion………………………………………………………………………..11

# TABLE OF AUTHORITIES

**CASES**

**UNITED STATE SUPREME COURT**

*Ford Motor Co. v. EEOC*, 458 U.S. 219 (1982)..........................................................5

*Nebraska Press Ass'n v. Stuart,* 427 U.S. 539 (1975)..................................................8

*Smith v. Wade*, 461 U.S. 30 (1983)..........................................................................2, 3

**NINTH CIRCUIT AND DISTRICT COURTS**

*Dowd v. City of Los Angeles*, CV 09-06731 DDP SSX, 2013 WL 4039043 (C.D. Cal. Aug. 7, 2013) (as "Docket #297" herein)..........................................2, *passim*

*E.E.O.C. v. Pape Lift, Inc.*, 115 F.3d 676 (9th Cir. 1997)............................................5

*Hazle v. Crofoot*, 727 F.3d 983 (9th Cir. 2013)..................................................2, 3, 10

*Humetrix, Inc., v. Gemplus S.C.A.*, 268 F.3d 910 (9th Cir. 2001).............................9

*Island Navigation Co. v. M/V Viking Serenade*, 35 F. App'x 524 (9th Cir. 2002)....4

*Long Beach Area Peace Network v. City of Long Beach*, 574 F.3d 1011 (9th Cir. 2009).............................................................................................................................8

*Metro Lights, LLC v. City of Los Angeles*, 2007 U.S. Dist. LEXIS 27618 (C.D. Cal. 2007), *rev'd in part* 551 F.3d 898 (9th Cir. 2009), *cert. denied* 558 U.S. 1091 (2009)......................................................................................................................4, 5

*U.S. v. Alexander*, 106 F.3d 874 (9th Cir. 1997)..........................................................4

*U.S. v. Phillips*, 367 F.3d 846 (9th Cir. 2004).............................................................4

*Walker v. West Coast Fast Freight, Inc.*, 233 F.2d 939 (9th Cir. 1956)...................5

**OTHER FEDERAL COURTS**

*Grace v. City of Detroit*, 216 F. App'x 485, 488-89 (6th Cir. 2007)..........................5

*Lawson v. Trowbridge*, 153 F.3d 368 (7th Cir. 1998).............................................4, 6

*Meyers v. City of Cincinnati*, 14 F.3d 1115, 1119 (6th Cir. 1994)............................5

*Meadow Gold Products Co. v. Wright*, 278 F.2d 867 (D.C. Cir. 1960)……………5

*Surita v. Hyde*, 665 F.3d 860, 878 (7th Cir. 2011)…………………………………8

*Tennessee Valley Sand & Gravel Co. v. M/V Delta*, 598 F.2d 930, 933 *opinion corrected on denial of reh'g,* 604 F.2d 13 (5th Cir. 1979)…………………...5

**CALIFORNIA COURTS**

*Frustuck v. City of Fairfax*, 212 Cal.App.2d 345 (1963)………………………...9

*Seaboard Music Co. v. Germano*, 24 Cal. App. 3d 618 (1972)……………….5

**RULES**

**FEDERAL RULES OF CIVIL PROCEDURE**

F.R.C.P. 8(c)……………………………………………………………………….10

**CENTRAL DISTRICT OF CALIFORNIA LOCAL CIVIL RULES**

Local Rule 16-4…………………………………………………………………..1

Local Rule 16–10…………………………………………………………………1

**OTHER AUTHORITIES**

**TREATISES**

6 *Witkin*, Summary 10th (2005) Torts, § 1624, p. 1137…………………….5

STEPHEN F. ROHDE

CASE NO. CV-09-06731 SS      iv      PLAINTIFFS' TRIAL BRIEF

Plaintiffs Matthew Dowd; Peter Demian; Edward La Grossa; Anthony Brown; Nathan Pino; David "Zuma Dog" Saltsburg; Louie Garcia; and Rene Castro ("Plaintiffs") hereby submit the following Trial Brief pursuant to the Local Civil Rules of the Central District of California, L.R. 16–10:

### A.  NEWLY DECIDED CASES

Plaintiffs are not aware of any newly decided cases relevant to the issues at trial. Additional cases are cited below in response to the City's Contentions of Fact and Law. (*Docket #297*)

### B.  BRIEFING REQUESTED BY THE COURT

Plaintiffs are not aware of any legal issue on which the Court requested briefing.

### C.  PLAINTIFFS' REPLY TO DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACTS AND LAW

#### 1.  IMPROPER ARGUMENT

Plaintiffs object to all of the material the City included in its Memorandum under the headings "Preliminary Statement" and "Factual Summary". This material falls outside the permissible scope of the Memorandum, which is governed by L.R. 16-4. Counsel for the City confirmed at the January 21, 2014 Pre-Trial Conference that all issues resolved in the City's favor on Summary Judgment are "no longer involved" in the Trial of this matter. This portion of the Memorandum (beginning at page 2, line 3 and running for more than 3 pages) consists almost exclusively of arguments outside the scope of trial and claims unsupported by any evidence.

//
//

2. **INCORRECT STATEMENTS OF ELEMENTS OF CLAIMS**

The City incorrectly states the elements of the Amplified Sound Ban claims, treating "injury" and "damages" as separate elements:

"(a) The City's enforcement of the amplified sound regulations were the proximate cause of each plaintiffs' alleged injury.

(b) As a result of this injury, each plaintiff suffered damages."

(*Docket #297 at 7:18–20*.) This incorrect statement of law is reflected in the City's other pretrial filings, including its proposed Special Verdict Form, which would allow the jury to determine that a plaintiff suffered injuries but not damages. This is contrary to law.

The Supreme Court and the Ninth Circuit have both held that, once § 1983 liability for an actual injury is established, compensatory damages are mandatory—the jury is "*required* to award compensatory damages in an amount appropriate to compensate the plaintiff for his loss." *Smith v. Wade*, 461 U.S. 30, 52 (1983) (approving a jury instruction providing, "If you find the issues in favor of the plaintiff, then you *must* award the plaintiff such sum as you believe will fairly and justly compensate the plaintiff for any damages you believe he sustained as a direct result of the conduct of the defendants…" (emphasis added by Supreme Court)). If the jury finds that any compensable injury—including pain and suffering—resulted from the violation of a Plaintiff's rights, an award of compensatory damages is mandatory. *Hazle v. Crofoot*, 727 F.3d 983, 992 (9th Cir. 2013) (reversing as error district court's refusal to grant new trial after jury failed to award compensatory damages; where court's prior finding of liability established actual injury, plaintiff was entitled to compensatory damages as a matter of law).

As "authority" for its reformulation of "damages" as an element distinct from "injury," the City cites only the Ninth Circuit Manual of Model Civil Jury Instruction No. 9.8 ("Causation"). But that Instruction does not address the City's contention or mention damages; it only explains when a defendant's action may be

found to have "caused" an injury.

The City appears to make a similarly redundant statement of elements with regard to the Rules of Decorum claims:

> "(a) The deprivation of plaintiff of his rights under the U.S. Constitution was the proximate cause of damages suffered by plaintiff.
>
> (b) That plaintiff suffered damage."

(*Docket #297 at 9:8–11*.) The City correctly omits any "injury" element; as the City has acknowledged, the Court's Order on the Cross-Motions for Summary Judgment established that Dowd and Zuma Dogg, the two Rules of Decorum claimants, were individually injured by the City's unconstitutional application of the Rules of Decorum in Incidents 1–10 (as renumbered by the parties for trial). However, the City wrongly implies that Dowd and Dogg must prove anything other than their compensable damages. Under *Smith v. Wade* and *Hazle v. Crofoot*, discussed above, the plaintiffs are entitled to compensatory damages for all injuries proximately caused by the violation of their rights. The only matter to be proven regarding the Rules of Decorum claims is the amount of the damages that Dowd and Zuma Dogg suffered.

3.  **IMPROPER EVIDENCE TO BE OFFERED**

As "key evidence" against the Rules of Decorum claims, the City listed:

> "(a) Witness testimony from City Councilmembers and their staff;
>
> (b) Witness testimony from LAPD Officers Duarte and Morris;
>
> (c) Excerpts of the video tapes of the City Council meetings;
>
> (d) Witness testimony from sound engineers Russ Bellenot and Ed Santacruz; and
>
> (e) The 2009 Rules of Decorum."

(*Docket #297 at 10:9–16*.) All such evidence appears to be included for the sole purpose of attempting to relitigate the Court's ruling that the City unconstitutionally

1  applied its Rules of Decorum to penalize the plaintiffs' constitutionally protected
2  speech. This is confirmed by the City's disputed Special Jury Instructions No. 3–5,
3  which all improperly ask the jury to re-decide whether the City could
4  constitutionally eject the plaintiffs for "disrupting" meetings in the already-
5  adjudicated Incidents 1–10. Such relitigation is prohibited by the doctrine of "law
6  of the case," and it would be an abuse of discretion to allow it. *U.S. v. Phillips*, 367
7  F.3d 846, 856 and n. 35 (9th Cir. 2004) (Law of the case doctrine precludes
8  reconsideration of a previously decided issue and refusal to apply it, absent certain
9  conditions, is abuse of discretion); *U.S. v. Alexander*, 106 F.3d 874, 876 (9th Cir.
10 1997) (same). It would also confuse the jury and waste precious trial time.

12 4.  **IMPROPER STATEMENT OF AFFIRMATIVE DEFENSE**
13    The City's Contentions and its portion of the Proposed Pre-Trial Conference
14 Order fail to cite any facts or evidence to support mitigation. The City recites the
15 generic elements of an affirmative defense—failure to use reasonable efforts to
16 mitigate damages—with respect to all claims. (*Docket #297 at 10:17–23; repeated*
17 *at 12:21–28 and 16:3–8.*) Even if such a defense could be raised in this kind of
18 action—which the City has not established[1]—it is unavailable to the City, because

---

[1] The City cites unpersuasive cases for the proposition that the defense of mitigation can be applied in this case. *Metro Lights, LLC v. City of Los Angeles*, 2007 U.S. Dist. LEXIS 27618 (C.D. Cal. 2007), *rev'd in part* 551 F.3d 898 (9th Cir. 2009), *cert. denied* 558 U.S. 1091 (2009), says only in dicta that, absent the Court's reasons for rejecting plaintiff's claim for damages, the plaintiff would still be barred by its failure to mitigate the (alleged) damages caused by its own litigation tactics. In *Lawson v. Trowbridge*, 153 F.3d 368 (7th Cir. 1998), the Seventh Circuit does not hold mitigation applicable in any case, reverses the lower court for allowing a generic mitigation instruction based on an unreasonable "opportunity" to mitigate, and specifically expresses doubt about whether mitigation applies to § 1983 plaintiffs: "*Whether jury instructions infused with common law doctrines such as avoidance of consequences have a place in suits involving the deprivation of constitutional rights is another question*, also difficult." Id. at 378 (emphasis added). In *Meyers v. City of Cincinnati*, 14 F.3d 1115, 1119 (6th Cir. 1994), the Sixth Circuit briskly rejects the city's generic mitigation defense because it presented no evidence of opportunities to mitigate; the case cites only Sixth Circuit authority for the applicability of a duty to mitigate, and has never been cited by the Ninth Circuit or in this District. Finally, the City cites the Ninth Circuit's Model Jury Instruction No. 5.3; like the Seventh Circuit in *Lawson*, the Ninth Circuit has repeatedly held that "[u]se of a model jury instruction does not preclude a finding of error. Rather, each party is entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence." *Hunter v. Cnty. of Sacramento*, 652 F.3d

STEPHEN F. ROHDE    CASE NO. CV-09-06731 SS    4    PLAINTIFFS' TRIAL BRIEF

it has never alleged the existence of specific facts, or identified an evidentiary foundation, that would support a defense of failure to mitigate. In such circumstances, permitting evidence or argument on the issue would be contrary to the FRCP's entire scheme of pretrial procedure, which seeks to prevent the use of surprise tactics. *Island Navigation Co. v. M/V Viking Serenade*, 35 F. App'x 524, 525 (9th Cir. 2002) ("The pretrial rules are designed to avoid surprise at trial"); *Meadow Gold Products Co. v. Wright*, 278 F.2d 867, 869 (D.C. Cir. 1960)[2].

A defendant has the burden of proof on every element of its mitigation defense. *Meyers v. City of Cincinnati*, 14 F.3d 1115, 1119 (6th Cir. 1994) (defense of mitigation rejected where city presented no evidence of "substantially equivalent" employment available to plaintiff). The "reasonable efforts" inquiry puts only modest demands on the injured plaintiff[3], while the defendant is tasked to prove the existence of a specific opportunity to mitigate that would, with such efforts, have reduced the plaintiff's damages. Where the mitigation involves replacement of income, the specific opportunity to mitigate must be "substantially equivalent" to the lost employment or income.[4] In other contexts, the inquiry is, effectively, whether plaintiff exacerbated his own injury by acting unreasonably. *Tennessee Valley Sand & Gravel Co. v. M/V Delta*, 598 F.2d 930, 933 *opinion*

---

1225, 1232 (9th Cir. 2011) (citations and internal quotation marks omitted).
  Furthermore, the City has provided no decision from any court suggesting that a duty to mitigate exists in § 1983 cases that do not closely track a traditional tort action where mitigation would apply.
[2] "To give full effect to the modernized rules, one of the theories of a case is not to remain a mystery or a matter of speculation and conjecture. It was to get away from legal sparring and fencing, and from surprise moves of litigants, that the new rules were adopted. Cf. *Walker v. West Coast Fast Freight, Inc.*, [233 F.2d 939 (9th Cir. 1956)]. The refinement of these basic objectives is manifested in the increasing emphasis on the pre-trial processes."
[3] "The claimant's burden is not onerous, and does not require him to be successful in mitigation." *Grace v. City of Detroit*, 216 F. App'x 485, 488-89 (6th Cir. 2007).
[4] In employment cases, including most authority the City has cited regarding mitigation, the defendant must prove that "substantially equivalent" work was actually available, that plaintiff could actually have obtained it, and that the plaintiff unreasonably failed to take steps to secure it; the plaintiff "need not go into another line of work, accept a demotion, or take a demeaning position." *E.E.O.C. v. Pape Lift, Inc.*, 115 F.3d 676, 683 (9th Cir. 1997) (quoting *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231 (1982)). In no event can the defense be used "to require the innocent party to sacrifice and surrender important and valuable rights." *Seaboard Music Co. v. Germano*, 24 Cal. App. 3d 618, 623 (1972).

1 *corrected on denial of reh'g,* 604 F.2d 13 (5th Cir. 1979) (for injured party to be
2 precluded from recovering damages caused by alleged failure to minimize damages,
3 defendant must prove (1) that plaintiff's conduct after the injury was unreasonable,
4 and (2) that the conduct aggravated the harm to the plaintiff); *Metro Lights*, 2007
5 U.S. Dist. LEXIS 27618 at 6 (no recovery for devaluation of assets caused
6 exclusively by plaintiff's insistence on acting unreasonably); 6 *Witkin*, Summary
7 10th (2005) Torts, § 1624, p. 1137 (wounded plaintiff refused to submit to
8 necessary nonsurgical treatment by a doctor). Where the alleged opportunity to
9 mitigate is not reasonable, it is reversible error to place the issue before the jury.
10 *Lawson v. Trowbridge*, 153 F.3d at 378.

11      The City has never alleged the existence of any specific opportunity for any
12 plaintiff to mitigate his damages, and has disclosed no evidence of same (see
13 below). Because the time for the parties to identify their key evidence has passed, it
14 would be an abuse of discretion to allow the City to present evidence or argument
15 on any such defense, and Plaintiffs' right to a fair trial would be prejudiced thereby.
16 It is unlikely that the City could ever have identified reasonable actions that could
17 'mitigate,' for instance, censorship of political speech at City Council meetings.
18 Instead, it apparently means to invite the jury to speculate about mitigation and
19 thereby create confusion and prejudice.

20

21   5.     **IMPROPER EVIDENCE OF AFFIRMATIVE DEFENSE**
22      The City listed the following as "key evidence" for its improper defense
23 based on the duty to mitigate:
24      "1. Witness testimony of plaintiffs;
25      2. Witness testimony of LAPD Officers at the Boardwalk;
26      3. Witness testimony from Senior Recreation Director Jauregui of the Los
27         Angeles Department of Recreation and Parks;
28      4. Witness testimony from LAPD Officers Duarte and Morris;

5. Witness testimony from sound engineers Russ Bellenot and Ed Santacruz;

6. Excerpts of the video tapes of the City Council meetings; and

7. Witness testimony from City Councilmembers and their staff."

(*Docket #297 at 10:26–11:7.*) Because the City has not disclosed any factual basis of its affirmative defense and cannot now do so (see above), evidence of such defense is irrelevant to any issue at trial. It would be prejudicial to Plaintiffs' rights to a fair trial to permit the City to introduce this evidence at trial, as Plaintiffs have had no opportunity to examine said evidence or prepare rebuttal evidence. The City has compounded the issue by ignoring Plaintiffs' inquiries regarding the intended testimony of the witnesses, and nothing in its description of the key evidence suggests how it could bear on the existence of any specific opportunity to mitigate damages.

## 6. INCORRECT CONTENTION OF LAW REGARDING AMPLIFIED SOUND BAN CLAIMS

The City contends that "None of the plaintiffs can satisfy this burden and establish a legal basis for recovery nor a causal connection entitling them to damages because this provision of the Boardwalk Ordinance was never enforced against any of them." (*Docket #297 at 12:3–5.*) This misstates the law and the facts.

As the City notes, what the law requires is a "causal connection" between the Amplified Sound Ban provisions and the Plaintiffs' injuries. (*Id. at 12:1–3.*) It is undisputed in this case that all eight plaintiffs are street performers who, when the Ban went into effect, made their living performing on the Boardwalk[5], and that all were subject to the Ban[6]. Additionally, the City is aware from the pleadings and its

---

[5] The Court has already ruled that "Plaintiffs are … street performers and artists who make their living on the Venice Beach Boardwalk…" (*Docket #287 at 2:9–10*).
[6] The Court has already ruled that the ordinance at issue divided the west side of the Boardwalk into P-Zone and I-zone performance spaces (*Docket #287 at 4:5–8*) and banned the use of amplified sound anywhere on the Boardwalk except in 56 P-Zone spaces (*id. at 22:17–24*), although the ban did not address "sound emanating from the east side or from visitors" (*id. at 23:10–11*). It is undisputed that all performance spaces were on the west side of the Boardwalk,

1  depositions of the Plaintiffs that various Plaintiffs will testify that their use of the
2  Boardwalk was constrained by enforcement of the amplified sound ban, and that
3  they were threatened by police with enforcement arrest and/or seizure of
4  instruments under the Ban, and that such enforcement caused various damages,
5  including lost earnings, loss of enjoyment of life, and emotional distress.

6      The City apparently means to argue—although it has not articulated its
7  argument—that only if Plaintiffs were jailed or otherwise penalized for violating
8  the Ban have they been "injured." This does not reflect what the element of
9  causation requires generally, and is particularly inappropriate in a lawsuit regarding
10 free expression, where chilling expression by threat of enforcement is a key type of
11 injury. The threat of enforcement of the amplified sound ban is a quintessential
12 prior restraint: "the most serious and the least tolerable infringement on First
13 Amendment rights." *Nebraska Press Ass'n v. Stuart,* 427 U.S. 539, 559 (1975). By
14 definition, a prior restraint "has an immediate and irreversible sanction." *Id*. "The
15 First Amendment prohibits threats of punishment designed to discourage future
16 protected speech." *Surita v. Hyde*, 665 F.3d 860, 878 (7th Cir. 2011). This is true
17 even if the speech nonetheless occurs: "A prior restraint need not actually result in
18 suppression of speech in order to be constitutionally invalid. The relevant question
19 … is whether the challenged regulation *authorizes* suppression of speech in
20 advance of its expression...." *Long Beach Area Peace Network v. City of Long
21 Beach*, 574 F.3d 1011, 1023 (9th Cir. 2009) (internal punctuation, quotations and
22 citation omitted).

23     The City likewise has invoked the general rule that damages may not be
24 "speculative," but has not explained its relation to any issue at trial. The parties
25 have agreed to a jury instruction providing, "Your award must be based upon
26 evidence and not upon speculation, guesswork or conjecture." (*Docket #301 at*

---

27 i.e., that Plaintiffs were not free to perform on the east side. Thus all were regulated by the Ban. It
28 is also undisputed that that each Plaintiff relied on amplification in performing; Plaintiff Willie
Lee Turner, who did not use amplification, will not present claims or seek damages at this trial.

27:16–17.) The City cites two curious cases on this issue: *Frustuck v. City of Fairfax*, 212 Cal.App.2d 345 (1963), a state case upholding a trial judge's decision to eyeball the property damage at issue and award his own estimation of the cost of repair at three to five times the amount in evidence[7]; and *Humetrix, Inc., v. Gemplus S.C.A.*, 268 F.3d 910 (9th Cir. 2001), in which the Ninth Circuit upheld an award of $15 million in lost profits for a new business, absent records of past performance, because it was supported by substantial evidence.[8] If the City means to argue that one or more claims involve damages that cannot be proven with reasonable certainty as to the amount, it should so indicate by withdrawing its objection to Plaintiffs' proposed Special Jury Instruction No. 14 (Presumed Damages). (*Docket #304 at 49:1–25*.)

7.     **INCORRECT CONTENTION OF LAW REGARDING RULES OF DECORUM CLAIMS**

The bulk of the City's Contentions of Law regarding the Rules of Decorum are dedicated to rearguing matters decided at summary judgment; all material from 12:5 through 15:5, 15:26 through 15:28, and 16:9 through 16:11, must be stricken under the Law of the Case doctrine and for irrelevance to any issue at trial.[9]

The remaining portion of the Contention misstates the law and the prior rulings of the Court. The Court ruled that there was "no actual disturbance" in the

---

[7] "There was evidence that it would cost up to $50 to remove the berm. As to the remaining sum of $100, we cannot say, as a matter of law, that the trial court, having viewed the ditch and having observed the extent of the enlargement, could not determine from its own experience that the cost of repairs would reasonably amount to the sum of $100.[…] Such labor cost would be of a nontechnical character in which case the trial judge may draw on his own knowledge in fixing the value of such services…" *Frustuck*, 212 Cal.App.2d at 370 (citations omitted).

[8] "Both we and California state courts have recognized that lost profits are "necessarily an estimate," … and that their "amount cannot be shown with mathematical precision." …We uphold awards of lost profit damages so long as they are supported by substantial evidence." *Humetrix*, 268 F.3d at 919 (citations omitted).

[9] The City has conceded that portions of its Memorandum ("section III B.2 and C.2, p. 13 line 16 to p. 14 line 5 and p. 15, lines 9-11 of section IV. B.1" [sic]) are "no longer at issue" following the withdrawal of the pre-2009 Rules Incidents (formerly Incidents 1–3); however, the City has never made even those inadequate withdrawals.

1  ten Incidents proceeding to trial (*Docket #297 at 40:5–6 and 41:1–26*) and not, as
2  the City states, merely that "there was not a *sufficient* disruption of the
3  City Council meeting to justify the City Council's actions." (*Docket #297 at 15:7–*
4  *8; similar language at 16:15–16* (emphasis added).)

5      The City misstates the law when it claims the Rules of Decorum plaintiffs
6  must prove they were injured, then prove they suffered damages (*id. at 15:12–15*).
7  The Court's prior ruling established that Dowd and Dogg suffered actual injuries in
8  the form of the various sanctions imposed under the Rules of Decorum; they are
9  entitled to compensatory damages for all harm that resulted from these 10 Incidents
10 and the penalties therein imposed, and failing to task the jury with awarding
11 compensatory damages is reversible error. *Hazle v. Crofoot*, 727 F.3d 983.

12     The City also misstates the law by raising, for the first time, a nameless
13 affirmative defense:

14     "Neither Dowd nor Saltsburg can establish that they suffered injury or
15     damages from the termination of their speaking time, their removal from
16     meetings or their ban from speaking at some subsequent meetings *because*
17     *they deliberately and purposefully engaged in the conduct/speech that*
18     *resulted in their time being terminated and/or their ejection with the*
19     *intention to cause that result.*"

20 (*Docket #297 at 15:18–16:2*.) As this is an affirmative defense, the City is barred
21 from making this argument because it did not plead it as such. F.R.C.P. 8(c).
22 Moreover, it suffers from too many other infirmities to bear description. Notably,
23 the City is arguing that engaging in *constitutionally protected speech* that one
24 knows may be *unconstitutionally penalized* should *deprive the speaker of*
25 *constitutional protection* (which theory, were it adopted as law, would eliminate
26 literally all claims involving freedom of expression except those in which the
27 claimant was also unaware that he might be unconstitutionally punished); and it
28 attributes causation of the City's conduct to the actions of persons who were not

STEPHEN F.
ROHDE

CASE NO. CV-09-06731 SS           10           PLAINTIFFS' TRIAL BRIEF

agents, officers, or employees of the City, articulating no causal connection except the likelihood of the City's unlawful act.

D. **CONCLUSION**

Overall, the City seems intent on distorting, lengthening or complicating the Trial by (a) introducing argument, evidence, and Jury Instructions which recount aspects of the Court's previous Summary Judgment ruling in the City's favor on aspects of LAMV Section 42.15 which the Court held were not unconstitutional; (b) relitigating the constitutionality of the Amplified Sound Ban and Rules of Decorum, which have already been decided by the Court, through witnesses, evidence and Jury Instructions dealing with whether or not Dowd and Zuma Dogg were "disruptive;" and (c) misleading the jury to believe that if it finds Plaintiffs were "injured" it need not award compensatory damages.

DATED: January 22, 2014                    STEPHEN F. ROHDE, ESQ.

                                           By: _____/s/_____
                                               Stephen F. Rohde, Esq.
                                               Attorney for Plaintiffs

2225265.1